

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00210-CR

_____

JAMES PAUL CALVERT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR17-203

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

On July 2, 2018, James Paul Calvert, pursuant to a plea agreement, pled guilty to aggravated sexual assault of a child[1] and was placed on deferred adjudication community supervision for a period of ten years. On August 20, 2018, the State moved to revoke Calvert's community supervision and to proceed to an adjudication of his guilt, alleging one violation of Calvert's community supervision. Calvert pled not true to the allegation, and after an evidentiary hearing, the trial court granted the State's motion. Calvert was sentenced to life imprisonment. He now appeals.

Calvert's attorney has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated February 10, 2019, counsel mailed to Calvert copies of the brief and the motion to withdraw. Counsel informed Calvert of his rights to review the record and file a pro se response. This Court mailed Calvert a copy of the appellate record on March 26, 2019. By order

---

[1]*See* TEX. PENAL CODE ANN. § 22.021

dated April 2, 2019, this Court informed Calvert that any pro se response was due on or before May 6, 2019. On May 23, 2019, this Court further informed Calvert that the case would be set for submission on the briefs on June 13, 2019. We received neither a pro se response from Calvert nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

That said, we do observe the trial court's judgment assesses $749.00 in court costs. However, the district clerk's bill of costs shows that courts costs totaled $629.00, not including attorney fees (attorney fees may not be assessed against an indigent defendant). *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609. The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the

trial court's judgment. TEX. R. APP. P. 43.2. We modify the trial court's judgment to assess $629.00 in court costs.

As modified, we affirm the judgment of the trial court.[2]

Ralph K. Burgess
Justice

Date Submitted:     June 13, 2019
Date Decided:       June 18, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.